The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, AR 71851
Dear Representative Tullis:
This is in response to your request for an opinion on the following two questions:
 (1) Is it lawful for physicians to dispense or sell drugs?
 (2) If physicians are authorized to dispense or sell prescription drugs, then are there any limitations on this right?
In response to your first question, it appears that, as a general matter, licensed physicians may dispense or sell prescription drugs, also referred to as legend drugs, if they are registered with the Arkansas State Medical Board as dispensing physicians under the provisions of A.C.A. § 17-93-102 (Cum. Supp. 1991).
With regard to your second question, my research has disclosed several noteworthy limitations on a physician's authority to dispense legend or prescription drugs.[1] For example, as noted above, physicians may not dispense legend drugs until they have obtained approval by the Arkansas State Medical Board after application to the board upon a showing of need. A.C.A. §17-93-102(d) (Cum. Supp. 1991).[2] Further, the dispensing authority found in A.C.A. § 17-93-102 (Cum. Supp. 1991) is limited to physicians licensed under the Arkansas Medical Practices Act who purchase legend drugs to be dispensed to their patients for their personal use and administration outside the physician's office. See A.C.A. § 17-93-102(a) (Cum. Supp. 1991). Additionally, § 17-93-102(c) requires the dispensing physician to dispense legend drugs personally, keep records of receipts and distributions of the drugs, and label the drugs with certain information, such as the patient's name and address, as well as any directions and cautionary statements required by law. Federal labelling requirements must also be met. See21 U.S.C. §§ 352 and 353 (1984).
While the requirements of § 17-93-102 would apply to any dispensing of prescription drugs by a physician, other provisions must be considered with respect to the dispensing of particular types of prescription drugs. For example, the Uniform Narcotic Drug Act authorizes a physician to dispense narcotic drugs only in good faith and in the course of his professional practice.See A.C.A. § 20-64-207 (1987). This Act also requires the dispensing physician to keep detailed records of all narcotic drugs received and dispensed by him, with the few exceptions noted in A.C.A. § 20-64-208 (1987). See A.C.A. § 20-64-209(1) and (5) (1987). Similarly, the Arkansas Drug Abuse Control Act would prohibit physicians from selling, delivering, or otherwise disposing of most depressant, stimulant, or counterfeit drugs, except while acting in the ordinary and authorized course of their profession. See A.C.A. § 20-64-310(1) (1987); A.C.A. §20-64-315 (1987). A physician may be found exempt from the record-keeping requirements of the Alcohol and Drug Abuse Control Act unless he or she regularly dispenses drugs to his or her patients for a fee. See A.C.A. § 20-64-313 (1987).
Other relevant provisions include A.C.A. §§ 20-64-503(9) and (10), -504, and -505 (Cum. Supp. 1991), which would appear to prohibit a physician from engaging in the wholesale distribution of prescription drugs unless he possesses a permit authorizing such distribution from the Arkansas State Board of Pharmacy. Finally, it must be noted that federal law prohibits the sale, purchase, or trade of drug samples by any person, as well as any offer to sell, purchase, or trade drug samples. See21 U.S.C. § 353(c)(1) (Cum. Supp. 1991).
In conclusion, it appears that with the restrictions noted above, licensed physicians may dispense or sell prescription drugs. My research has disclosed no other provisions directly addressing this issue. Of course, regulations promulgated by the Arkansas State Medical Board, the Arkansas State Pharmacy Board, or the Arkansas Department of Health pursuant to the various statutes discussed herein should be consulted for additional guidance with respect to the dispensing of prescription drugs.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
CCT/WB:ch
[1] The term "legend drugs" appears to encompass all drugs that may not be dispensed without a physician's prescription. See
A.C.A. § 20-64-503(4) (Cum. Supp. 1991). Thus, these drugs are commonly referred to as prescription drugs.
[2] Licensed physicians who were dispensing legend drugs in the ordinary course of their practice for the twelve months immediately prior to July 4, 1983 are exempt from the requirements of this statute. See A.C.A. § 17-93-102(d) (Cum. Supp. 1991).